UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **CHARLES CUMMINGS** <br> **LA DOC #397892** <br> VS. | CIVIL ACTION NO. 5:12-cv-2605 <br><br> SECTION P <br><br> JUDGE TOM STAGG |
| **LONNIE NAIL** | MAGISTRATE JUDGE KAREN L. HAYES |

REPORT AND RECOMMENDATION

*Pro se* plaintiff Charles Cummings, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on September 28, 2012. Plaintiff is an inmate in the custody of Louisiana's Department of Corrections. He is incarcerated at the David Wade Corrections Center (DWCC) and he complains about conditions of confinement in DWCC's extended lock down cell block. He sued Col. Lonnie Nail, the cell block supervisor, seeking compensatory and punitive damages and an injunction directing the installation of step ladders on the cell block bunks. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

*Background*

Plaintiff is an inmate in the custody of the LDOC. He is confined in cell #16 of the extended lock-down facility at DWCC. On March 19, 2012, he asked Col. Nail, the lock down supervisor, to permit him to be "single celled" as required by DSCC's Employee Policy

Memorandum #03-01-001.  He noted that there were available cells to accommodate his request. He also complained that he was experiencing difficulties entering the top bunk.  Since there is no step ladder, plaintiff sometimes has to climb into the top bunk by using the combination toilet/sink and this has resulted in him slipping and falling "on several occasions." At other times he has jumped in and out of the top bunk, but this action leaves him "dizzy." Plaintiff faults Nail for responding "in an irritated tone" and then walking away with no further discussion of plaintiff's request.  Plaintiff claims that he is entitled to relief because he is "still subject to risk of injury due to reasonable safety not being provided..." He claims to have sustained unspecified "physical injury regarding infliction of dizziness and pain through the extreme conditions of confinement."

*Law and Analysis*

*1. Screening*

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis.* As a prisoner seeking redress from an officer or employee of a governmental entity, his  complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (per curiam). Because he is proceeding *in forma pauperis,* his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2) (B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based

on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

### *2. Transfer to Another Cell*

Plaintiff implies that he is entitled to be transferred to another cell. Plaintiff is an LDOC inmate who has been confined to a particular cell at DWCC. Broad discretionary authority must be afforded to prison administrators with regard to cell assignments because the administration of a prison is "at best an extraordinarily difficult undertaking." *Wolff v. McDonnell*, 418 U.S. 539, 566, 94 S.Ct. 2963, 2979, 41 L.Ed.2d 935 (1974). To hold that a cell assignment imposed by prison authorities triggers either the procedural protections of the Due Process Clause or the Eighth Amendment, would subject to judicial review a wide spectrum of discretionary actions that traditionally have been the business of prison administrators rather than of the federal courts. *Meachum v. Fano*, 427 U.S. 215, 225, 96 S.Ct. 2532, 2538, 49 L.Ed.2d 451 (1976). "Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Price v. Johnston*, 334 U.S. 266, 285, 68 S.Ct. 1049, 1060, 92 L.Ed. 1356 (1948).

Prisoners simply do not have a constitutionally derived liberty interest in being held in any particular institution and therefore have no liberty interest in being confined in a particular cell within the institution. *See Meachum v. Fano*, 427 U.S. 215, 224, 96 S.Ct. 2532, 2538, 49 L.Ed.2d 451 (1976); *Olim v. Wakinekona*, 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983); *Montanye v. Haymes*, 427 U.S. 236, 96 S.Ct. 2543, 49 L.Ed.2d 466 (1976); *Adams v. Gunnell*,

729 F.2d 362, 368 (5th Cir. 1984); *Oladipupo v. Austin,* 104 F.Supp.2d 643 (W.D.La. 2000). Plaintiff's allegation to the contrary fails to state a claim for which relief may be granted.

### *3. Prison Regulation*

Plaintiff also implies that the defendant violated prison policy when he failed to move him to a single cell. Congress enacted 42 U.S.C. § 1983 as "a species of tort liability in favor of persons who are deprived of rights, privileges, or immunities secured to them by the Constitution." *Memphis Community Sch. Dist. v. Stachura*, 477 U.S. 299, 305-06, 106 S.Ct. 2537, 91 L.Ed.2d 249 (1986).

> Section 1983 provides:
>
> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall  be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.  42 U.S.C. § 1983.

Thus, to state a cause of action under 42 U.S.C. § 1983, the plaintiff must plead various elements including, the deprivation of a clear right, privilege or immunity secured to the plaintiff by the Constitution of the United States of America. *Siegert v. Gilley*, 500 U.S. 226, 111 S.Ct. 1789, 114 L.Ed.2d 277 (1991); *Baker v. McCollan*, 443 U.S. 137, 140, 99 S.Ct. 2689, 2692, 61 L.Ed.2d 433 (1979) ("inquiry in any § 1983 suit ... is whether the plaintiff has been deprived of a 'right secured by the Constitution and the laws'").  In short, plaintiff fails to state a claim to the extent that he suggests liability predicated upon the defendant's alleged violation of prison rules.

### *4. Conditions of Confinement*

Finally, the gravamen of plaintiff's complaint concerns the conditions of confinement at

DWCC's cell block. Complaints about prison conditions are analyzed under the Eighth Amendment which proscribes cruel and unusual punishment. While the Eighth Amendment does not prohibit punishment it does prohibit cruel and unusual punishment including the unnecessary and wanton infliction of pain. *See Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981). Additionally, while the Eighth Amendment does not mandate comfortable prisons, it does not permit inhumane ones. *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir.1999).

Federal courts employ a two-part test to determine whether a prisoner has established an Eighth Amendment violation. *Harper,* 174 F.3d at 719. First, there is an objective requirement that the plaintiff demonstrate conditions "so serious as to deprive prisoners of the minimal measure of life's necessities," as when the prisoner is denied "some basic human need." *Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir.1995); *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Second, under a subjective standard, it must be shown that the responsible prison officials acted with deliberate indifference to the prisoner's conditions of confinement. *Woods*, 51 F.3d at 581. "The second requirement follows from the principle that only the unnecessary and wanton infliction of pain implicates the Eighth Amendment." *Farmer*, 511 U.S. at 834, 114 S.Ct. 1970 (internal quotation marks and citations omitted) (emphasis added).

"For conditions of confinement to rise to the level of an Eighth Amendment violation, they must be "cruel and unusual" under contemporary standards. *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981). To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against

society. *Id.* However, when the restrictions of confinement rise to a level that results in physical torture, it can result in pain without penological purpose constituting cruel and unusual punishment under the Eighth Amendment. *Id.*" *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). Plaintiff's complaint simply does not rise to the level of Eighth Amendment violations.

Plaintiff, at worst, is inconvenienced by his placement in, and access to, an upper bunk. However, this inconvenience does not amount to cruel and unusual punishment. No believable specific harm resulted from plaintiff's exposure to the complained of condition. To rise to the level of a constitutional violation, the conditions must be " 'so serious as to deprive [plaintiff] of the minimal measure of life's necessities... '"*Alexander v. Tippah County*, 351 F.3d 626, 630 (5th Cir.2003) (quoting *Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir.1995)). Thus, in order to prevail on such a claim, the plaintiff must demonstrate not only that he was exposed to a substantial risk of serious harm, but that he actually suffered some harm that was more than *de minimis*. *See Siglar v. Hightower*, 112 F.3 191, 193-94 (5th Cir.1997); *Alexander v. Tippah County, Miss*, 351 F.3d at 630-31; *Luong v. Halt*, 979 F.Supp. 481, 486 (N .D.Tex.1997). Plaintiff has alleged injury in a purely conclusory manner; however, the facts alleged, taken as true, establish no more than discomfort and inconvenience and with respect to his conditions of confinement claim, that alone is insufficient to state a claim for which relief may be granted.

Further, even if plaintiff were able to demonstrate some physical harm beyond *de minimis* inconvenience, his claim would still be subject to dismissal because he has not shown that the defendant was deliberately indifferent to his plight.

Finally, the defendant's "irritated tone" when he responded to plaintiff's request, is not actionable under Section 1983. The Fifth Circuit has held that even verbal threats, harassment

and name-calling does not constitute a Constitutional violation.  *Robertson v. Plano City of Texas*, 70 F.3d 21 (5th Cir.1995) at 24 citing *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir.1983); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir.1997) ("It is clear that verbal abuse ... does not give rise to a cause of action under § 1983); *Bender v. Brumley*, 1 F.3d 271, 274 fn. 4 (5th Cir.1993) (holding that claims of verbal abuse and harassment are not actionable under § 1983).

### *Recommendation and Order*

Therefore

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted pursuant to the provisions of 28 U.S.C. § 1915(e)(2).  Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  See,** *Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir.  1996).**

In Chambers, Monroe, Louisiana, January 28, 2013.

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE